CASE 0:25-cv-01291-JWB-LIB   Doc. 1   Filed 04/07/25   Page 1 of 11

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____PC                April 7, 2025

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**RECEIVED APR 07 2025**
CLERK, U.S. DISTRICT COURT
FERGUS FALLS, MINNESOTA

Case No. 25cv1291JWB/LIB

Aaron O. Menze                     Plaintiff,

vs.                                                       **PLAINTIFF'S COMPLAINT**

**COUNTY OF OTTER TAIL**
 -Franchise of the State of Minnesota
**Barry Fitzgibbons:** County Sherriff;        **DEMAND FOR**
 -in his Official Capacity                              **SEVENTH AMENDMENT**
 -in his Individual Private Capacity        **TRIAL BY JURY**

                               Defendants

## COMPLAINT

1. Plaintiff No. 1

    | | |
    |---|---|
    | Name: | **Aaron O. Menze** |
    | Street Address | 47705 Co Hwy 54 |
    | County, City | Otter Tail, Ottertail |
    | State & Zip Code | Minnesota, 56571 |
    | Telephone Number | 218-640-6658 |

2. Defendant No. 1    In his official capacity and individual private capacity

RECEIVED BY MAIL
APR 07 2025
Clerk, U.S. District Court
Fergus Falls, Minnesota

CASE 0:25-cv-01291-JWB-LIB   Doc. 1   Filed 04/07/25   Page 2 of 11

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____ PC          April 7, 2025

| | |
|---|---|
| Name | **Barry Fitzgibbons**: Otter Tail County Sherriff |
| Street Address | 417 Court Street S, Level 1-A |
| County, City | County of Ottertail, Fergus Falls |
| State & Zip Code | Minnesota 56537 |
| Telephone Number | 218-998-8534 |

## JURISDICTION AND VENUE

1. The "judicial power [of the United States] shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States".

2. This court has subject matter jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)(4). This Court has subject matter jurisdiction over the Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all of the acts and omissions giving rise to Plaintiffs' claims occurred within the County of Otter Tail in the State of Minnesota and is thus within the jurisdiction of the United States District Court, District for Minnesota.

4. Furthermore, pursuant to 28 U.S.C. § 1391(e) all named Defendants are agents of the United States through their respective Union State status under Article VI, Paragraph 2 of the U.S. Constitution commonly referred to as the Supremacy Clause.

5. This action arises under 42 U.S.C. § 1983 to redress deprivations of Plaintiff's rights through acts and omissions that the Defendant committed under color of law as a willful participant in joint activity with others.

6. This action also arises under 42 U.S.C. § 1985(3) for the deprivation of rights and privileges by class-based [reverse] discriminatory animus through acts and omissions that Defendant(s) committed under color of law as willful participants in joint activity with others.

CASE 0:25-cv-01291-JWB-LIB   Doc. 1   Filed 04/07/25   Page 3 of 11

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____ PC                April 7, 2025

# DEMAND FOR
# SEVENTH AMENDMENT
# TRIAL BY JURY

7. The Defendant, as one of "the People", being a grantor and beneficiary of both the State and Federal Constitutions herein express and exercise the right to have this controversy to be adjudicated by a "trial by jury" under the seventh amendment of the Federal Constitution with the supervision of the Federal District Court, District of Minnesota. The Plaintiff concedes that this controversy could possibly be adjudicated in the State District Court but there is likely a bias and conflict of interest since the claimed deprivation of rights occurred at the State District Court in the Courthouse located in Fergus Falls Minnesota by those tasked with Courthouse security. Therefore, it is logical that the Federal District Court is the proper jurisdiction and venue for this claim.

## THE PLAINTIFF

8. The Plaintiff is Aaron O. Menze and resides within the jurisdiction of Otter Tail County and the State of Minnesota as defined by the Constitution of the state of Minnesota.

9. The Plaintiff is one of the Principals of the Federal and State Constitutions expressly identified as one of "the People" and retail all rights expressed in their respective bill of rights and those not expressed independently and identified by the ninth amendment of the Federal Constitution as "*Non-Enumerated Rights Retained by People*".

10. These expressed and reserved rights are accorded to both Federal and State jurisdictions equally through the equal protections clause of the fifth and fourteenth amendments of the Federal Constitution.

## THE DEFENDANT

11. The Defendant is Barry Fitzgibbons and is employed as the Otter Tail County Sherriff.

12. As a publicly elected official holding the office of Sherriff, the Defendant has taken an oath to uphold the State Constitution. The State of Minnesota, being one of the union states, is equally enjoined with the Federal Constitution through the equal protections clause of the Fifth and fourteenth amendments. Therefore, the Sherriff is just as obligated under the Federal Constitution as the State Constitution.

## STATEMENT OF CLAIM

13. The Defendant seized and continues to seize to this very day the Plaintiff's right to life, liberty and the pursuit of happiness (property) through the general application of an administrative order without due process of law.

14. The Defendant exercises administrative discretion over the implementation of an administrative order dated July 13th, 2013 by John H. Scherer as the Chief Judge, Seventh Judicial District of Minnesota and is evidence in Exhibit A. This order does not reference any enacting clause or severability statement that would grant Judge Scherer legislative authority or jurisdiction to create law from the Court Bench.

15. The Defendant seized the Plaintiff's liberty by locking all other doors and blocking the entrance to the Courthouse, which is public property, with signage and guide ribbons to funnel all that enter the building into an upright walk through metal detector that is operated by an Otter Tail County Sherriff's Deputy. The other doors at different ends of the same hallway are usable to exit the building but are locked to prevent entrance into the building.

16. The Defendant seized the Plaintiff through coercive signage that directs "all persons" through a security check point at the front door of the Courthouse where an Otter Tail County Sherriff's Deputy will conduct a "search" of all people and their property that enter the building

for "weapons" and other banned paraphernalia through an upright walk-through metal detector. During the search, all that enter are required to place the contents of their pockets and any other objects in possession into a plastic tub that is sent through another imaging machine.

17. The order cites "all persons" being subject to the order. See Exhibit A.

18. The Defendant claimed and continues to identify the Plaintiff as being one of the "all persons" identified in the order. This is supported in the affirmative through an email exchange between the Defendant and the Plaintiff and is entered into evidence as Exhibit B.

19. The application of this order by the Defendant requires and compels the Plaintiff to surrender his "security," "common defense," "general Welfare", and "Blessings of Liberty" in opposition to the Preamble and Article I Sec. 1 of the State Constitution and the Preamble of the Federal Constitution.

20. The application of this order by the Defendant presumes guilt by association of words rather than innocent until proven guilty in opposition to Article I Sec. 2 of the State Constitution and the fifth, eighth, tenth and the fourteenth (sec. 1) amendments of the Federal Constitution. Judge Scherer's order does not offer or allow due process of law. The only remedy is through the Federal or State Court system to object and seek relief or remedy.

21. Since this order comes from the State Court system, the likelihood of judicial bias and administrative discretion in favor of this policy is great at the State Court.

22. The application of this order by the Defendant denies the Plaintiff the "right to bear arms" as one lawful means of self-defense in opposition to the second amendment to the Federal Constitution without fourth, fifth, sixth, ninth, tenth and fourteenth (sec. 1) amendment protections under the Federal Constitution.

CASE 0:25-cv-01291-JWB-LIB   Doc. 1   Filed 04/07/25   Page 6 of 11

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____ PC                              April 7, 2025

23.     The application of this order by the Defendant denies the Plaintiff access to the "Courthouse" without first surrendering all "right and privileges" to the Defendant and those that work under his direction and authority.

24.     This includes the right to private property on or in the possession of the Plaintiff in opposition to Article I, Sec. 10 of the State Constitution and the Fourth Amendment of the Federal Constitution.

25.     The order is unenforceable under the VOID FOR VAGUENESS DOCTRINE for it does not specifically identifying who "all persons" are or who they are not. This leaves administrative discretion of who "all persons" is up to the one acting under this order.

26.     The order does not take into consideration any rights to self-defense or MENS REA or ACTUS REUS.

27.     The application of this order by the Defendant was and is arbitrary and capricious.

28.     Administrative discretion by the Defendant led to acts and omissions in joint activity with others to include subordinate officers as well as Judge Scherer that signed the administrative order.

29.     Any presumed obligations under MN Statutes or orders thereupon based became "color of law" when jurisdiction (authority) is not established when challenged to include personal, subject matter, territorial or in REM.

30.     Any in REM order applied to the Plaintiff's property rights by the Defendant is ultimately a claim upon the Plaintiff and requires personal and subject matter substantiation. None has been made by the Defendant.

31.     The Defendants acts and omissions gives rise to this 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) claim by the Plaintiff for the conversion of rights through arbitrary and capricious

orders without full disclosure, consent or consideration in direct opposition to the due process protections of fifth and fourteenth amendments of the Federal Constitution.

## CAUSES OF ACTION:

32. **Breach of Contract/Trust:**

The Defendant is employed with the County of Otter Tail as a franchise of the State of Minnesota. Under the State and Federal Constitutions, they are by default trustees of the public trust for the benefit of "the People" as grantors, of which the Plaintiff is included. As Trustees, they are obligated to administer the public trust through legislative intent in accordance with State and Federal Constitutions and avoid the trespass or conversion of private property rights as enumerated in Article I of the State Constitution and the Federal Bill of Rights. No obligation has been produced for examination by the Defendant that could compel the Plaintiff to perform nor has the Plaintiff ever been accused of being a threat or danger to anyone at the courthouse to include any staff that work there.

33. **Statutory:**

The Defendant have been entrusted to administer public law or positive law. In order for private property rights to become subject to State administration there must be a nexus or situs. The information needed to establish a nexus or situs should be readily available for the Defendant to produce, yet it remains a fiction of law.

Failure to produce this obligation by the Defendant is a breach of a fiduciary obligation in direct violation of the MGDPA, MN 609.43 [MISCONDUCT OF PUBLIC OFFICER OR EMPLOYEE], FOIA and other State and Federal racketeering laws.

CASE 0:25-cv-01291-JWB-LIB   Doc. 1   Filed 04/07/25   Page 8 of 11

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____ PC                    April 7, 2025

34. **Tort-related:** (Fraudulent misrepresentation; Conversion; Negligence)

The Defendant has <u>fraudulently misrepresented</u> Judge Scherer's court order as stand-alone obligation based upon State Statutes to compel the Plaintiff to perform for them through his private property without a discernible nexus or situs. This misrepresentation has led to the <u>conversion</u> of private property rights into State administrative privilege (surety) purposes without the elements of an obligation which includes full disclosure, consent and consideration.

Despite objections and removal of any presumed consent by the Plaintiff, the Defendant has been <u>negligent</u> in addressing the issue and correcting issues of PLAIN ERROR with regards to the Defendant's administrative discretion in applying this court order to the Plaintiff without due process of law.

35. **Equity-related:**

The net result of the Defendant's claims upon the Plaintiff is the loss of liberty and the pursuit of happiness which has a priceless equitable value to the Plaintiff. Without liberty and the pursuit of happiness, the Plaintiff is an involuntary servant to Judge Scherer's court order, the judiciary, the Defendant and the public at large through the aforementioned order. The net result of the Defendants acts and omissions would be or is the full conversion of the Plaintiff's rights and certain privileges in direct opposition to both Federal and State Constitutions.

## PLAINTIFF'S RIGHTS

36. The Plaintiff's right to his life, liberty and pursuit of happiness is absolute unless an obligation is entered into. That obligation must have full disclosure, meeting of the minds,

CASE 0:25-cv-01291-JWB-LIB   Doc. 1   Filed 04/07/25   Page 9 of 11

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____ PC                April 7, 2025

consent and consideration at a minimum to be enforceable or there must be some criminal element showing MENS REA or ACTUS REUS.

37. The Plaintiff's right to administer his property to include the right to life, liberty and the pursuit of happiness should be self-evident but if not it is expressly protected by the State and Federal Constitutions through their respective jurisdictions.

38. To date, the Defendant has produced no obligation that could compel the Plaintiff to perform with evidence that there was ever full disclosure, consent or consideration for the compelled relinquishment of any rights or privileges.

39. The Plaintiff reserves the right to put forward affirmative defenses if and when the Defendants produce any evidence of an obligation to compel performance of the Plaintiff.

## DEFENDANT CLAIMS

40. The Defendant claims that the Plaintiff falls under a class of "all persons" as identified by July 13th, 2013 order by John H. Scherer as the Chief Judge, Seventh Judicial District of Minnesota.

41. The Defendant offers no evidence that the Plaintiff falls under any class of "all persons" as identified by Chief Judge John H. Scherer within his order or defined by "Minn. Stat. 625.714" and "Minn. Stat. 609.66 Subd. 1g".

42. The Defendant requires the surrendering of all rights and privileges by **ALL** people to enter the Otter Tail County Courthouse without evidence of consent or obligation unless specifically exempted.

43. The Plaintiff is **NOT** identified as exempt by the Defendant in Exhibit B.

## DAMAGES

CASE 0:25-cv-01291-JWB-LIB   Doc. 1   Filed 04/07/25   Page 10 of 11

MENZE vs. COUNTY OF OTTER TAIL FILE NO._____ PC                April 7, 2025

44. The Defendant's acts and omissions is and has been "chilling", constructive, deliberate and perpetual with regards to the Plaintiff and his rights and privileges.

## DAMAGES

45. **Compensatory Damages:** The Plaintiff asks the jury to consider all matters and award an amount within reason for the emotional distress, pain, suffering, and mental anguish caused by the Defendant's reckless indifference to the Plaintiff's rights.

46. **Punitive Damages:** The Plaintiff asks the jury to consider all matters and award an amount within reason to "punish the wrongdoer [Defendant] and deter similar behavior of malice or reckless indifference to the Plaintiff and the general public's rights [and privleges]".

47. **Nominal Damages:** The Plaintiff asks the jury to consider all matters and award an amount within reason.

## PETITION FOR RELIEF

48. **Removal of Implied Immunities:** The Plaintiff petitions this Court under the First, Fourth, Fifth, Seventh, Ninth, Tenth, Thirteenth (Section 1), and Fourteenth (Section 1) Amendments of the Federal Constitution for the redress of injuries. These injuries are constructive, deliberate and perpetual upon the Plaintiff and the general public and therefore remove all discretional or deferential doctrinal immunities and puts it in the oversight control of the jury should Court administrators fail to act accordingly in the Plaintiffs defense and positive in nature.

49. **Sum Total of Damages:** The Plaintiff asks the jury to consider MN 3.736 § Subd. 4(g) and all matters and award an amount within reason for compensatory, punitive and nominal damages to be divided equally between the Defendants' **Official Capacity** and his **Individual Private Capacity**.

50.     **Injunctive Relief:** The Court and the jury is moved to negate the July 13th, 2013 order by John H. Scherer as the Chief Judge, Seventh Judicial District of Minnesota as unenforceable under the VOID FOR VAUGNESS DOCTRINE as a general practice upon the Plaintiff and the general public without first specifically identifying each individual and giving them due process of law through a court of competent jurisdiction with jury oversight and nullification.

51.     **Attorney's Fees:** The Court and jury is moved to award costs and fees incurred by the Plaintiff at a rate of $400 (four hundred dollars) per hour for litigation costs.

Date:   April 4, 2025

Signature of Plaintiff  _[signature]_
All Rights Reserved

Mailing Address        47705 County Highway 54
                       Ottertail, MN, 56571
Telephone Number       218-640-6658
Email                  amenze71@gmail.com